Breitel, J. (concurring).
Undoubtedly, the court’s excellent opinion makes clear, perhaps for the first time, that the divergence in results in cases of this kind in the several Appellate Divisions, and in their subsequent history in this court, is due to this court’s scope of review and abstention from reviewing exercises of discretion below. If the question were novel, however, I would agree with the courts that have read the statute as it reads, which limits the discretion and which in this and like cases would require a reversal and rejection of the late *121 notice of claim. I concur, therefore, on the weight of authority in this court and the sense of its holdings.
Subdivision 5 of section 50-e of the General Municipal Law reads: “ The court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in subdivision one of this section in the following cases: (1) Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified ”. Where an infant is in the later years of minority, as in this case, and when the infant of whatever age has a lawyer representing him in prosecuting this or a related claim, as is also true in this case, there is and can be no causal connection between the disability of infancy and the failure to file a claim promptly. The cause lies elsewhere. True, the statute is a harsh one and has the effect of a very short Statute of Limitations. Except to the practitioner who is skilled in tort cases or claims against municipalities, it is a mousetrap. Such a statute should provide a greater discretion to give relief from its requirements and, of course, to avoid obvious abuses, set forth the standards for the exercise of that greater discretion. As it is, the cases do not all follow the 11 plain meaning ” of the statute. The statute remains a mousetrap for those who are not sophisticated or diligent enough to know that there is a way out despite the language of the statute. Statute law, especially cut-off statutes, should be clear enough so that the intelligent professional reader can rely on its obvious meaning. Nor should there be such marked divergence among the Appellate Divisions leading to unequal treatment of like situations with significant substantive effect.
There should be prompt legislative correction of the statute.
Chief Judge Fuld and Judges Burke, Bergan and Gibson concur with Judge Scileppi ; Judge Breitel concurs in a separate opinion in which Judge Jasen concurs.
Order affirmed, with costs.